IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MM CASA INC et. al., <br><br> Plaintiffs, <br><br> v. <br><br> Delta Faucet Company, <br><br> Defendants | Case No. 25-cv-12322 |

# COMPLAINT

Plaintiffs, MM CASA INC, kai ping shi liangyu weiyu shiye you xian gongsi, Ruian shi hailin jiaju yongpin chang and Jiangmen jiahua technology co. LTD (collectively referred to as "Plaintiffs"), by and through their attorneys, hereby bring the present action against Delta Faucet Company and state as follows.

I.     JURISDICTION AND VENUE

1. The Plaintiff Parties bring this action under Title 35 of the United States Code, and under 28 U.S.C. §§2201 and 2202, to obtain a declaratory judgement of non-infringement and invalidity with respect to U.S. Patent No. 11,473,277 (the " '277 patent") (Exhibit 1), under 35 U.S.C. § 101 *et seq*.

2. Exhibit 1 is a true and correct copy of the '277 patent, titled "Vessel Rinsing Apparatus".

3. Exhibit 2 is a true and correct copy of the file history of the '277 patent.

4. On information and belief, the '277 patent is assigned to Delta Faucet Company, (hereinafter referred to as "Defendant").

5. This Court has original subject matter jurisdiction over the patent-related claim pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

6. On information and belief, Defendant is an Indiana company.

7. Delta Faucet Company has an office in virtually every major city in the United States.

8. Defendant has agencies that are staffed nationwide with more than 400 highly experienced sales professionals who live and work in customer's market to meet customer needs at a local level promptly and efficiently.

9. Defendant maintains a business presence in this District.

10. For example, Defendant maintains a business presence at 795 Mittel Drive Wood Dale, IL 60191.

11. Defendant is subject to personal jurisdiction of this Court at least because Defendant is located in this jurisdiction, and has sufficient minimum contacts with this jurisdiction to subject it to the general jurisdiction of this Court.

12. Venue is proper in this Court pursuant to at least 28 U.S.C. § 1391(b)(1), because Defendant resides in this judicial district.

## II. THE PARTIES

13. The Plaintiff Parties are four Chinese companies that sell products in the U.S., particularly through Amazon.com.[1]

---

[1] Collectively, the Plaintiffs identified in this paragraph are referred to herein as "Plaintiff Parties" or "Plaintiffs".

    a. Plaintiff Name: MM CASA INC

        i. Address: 209 Burlington Rd., Suite 211 Bedford, MA 01730

        ii. Amazon Store Name: MM CASA INC

    b. Plaintiff Name: kai ping shi liangyu weiyu shiye you xian gongsi

        i. Address: 广东省江门开平市水口镇内环西路101号之二, 江门市, 广东省 529321, CN

        ii. Amazon Store Name: PAKING

    c. Plaintiff Name: Ruian shi hailin jiaju yongpin chang

        i. Address: 安阳街道巾子山路1号, 温州市, 瑞安市, 浙江省 325200 CN

        ii. Amazon Store Name: RULIA

    d. Plaintiff Name: Jiangmen jiahua technology co. LTD

        i. Address: 亚洲厨卫城商铺13号三楼, 鹤山市, 址山镇, 广东省 529729 CN

        ii. Amazon Store Name: J-HVA

## III. FACTS PERTAINING TO ALL CLAIMS

14. Bars and restaurants have a need to continually provide clean drink wear to their customers.

15. Often times, drinking glasses are stored in the open, such as behind or under a bar, which can subject the glasses to dust or other means of becoming soiled.

16. It has long been the practice of bars and restaurants to make a show of cleaning the glass in front of the customer by spraying the inside of the glass with water.

17. There are numerous devices used for accomplishing this task.

18. A common device is a resilient pressure plunger that accommodates a glass that, when pushed, sprays water through nozzles into the glass.

3

19. One example of such a glass cleaner is depicted in U.S. Patent Application Publication No. 2008/0142095 ("Van Der Linden") (Exhibit 3):



20. Utilizing the Van Der Linden device, a user may invert a glass against the plunger 22, depress the plunger causing nozzle 23 to spray water into the interior of the glass such that the glass diverts the water down its interior, into the bowl 32 with raised sides 33, and the water is then drained out of the exit passageway 34 into the sink below.

21. Defendant filed a patent application on a substantially similar device.

22. The '277 patent is directed to a Vessel Rinsing Apparatus.

23. One embodiment is shown below:



24. According to the patent, a user may invert a glass on the vessel rinsing apparatus 10, depress the plunger, causing nozzles to spray water into the glass, whereby the interior of the glass diverts the water down into the bowl of the rinsing apparatus and the water flows out of the bowl through an exit passage and into the sink below.

25. The '277 Patent includes 24 total claims, three of which are independent claims.

26. Claims 1, 11 and 20 are independent claims. Claims 1, 11 and 20 are provided below:

> 1. A vessel rinsing apparatus comprising:
>
> > a mounting member extending along a longitudinal axis, the mounting member configured to extend though a mounting aperture formed within a mounting deck;
> >
> > a fluid discharge member including a central body supporting a plurality of nozzles and a trigger, the central body being movable relative to the mounting member;
> >
> > a valve member operably coupled to the fluid discharge member and configured to control water flow through the central body to the plurality of nozzles in response to movement of the trigger; and

5

       a drain bowl operably coupled to the mounting member, the drain bowl including a lower wall, an upwardly extending wall operably coupled to the lower wall, and a drain channel extending through the upwardly extending wall, the drain channel configured to receive water from the drain bowl and discharge water above and into a sink basin supported by the mounting deck.

2.    A vessel rinsing apparatus comprising:

       a drain bowl including a lower wall, an upwardly extending wall operably coupled to the lower wall, and a drain channel extending through the upwardly extending wall, the drain channel configured to receive water from the drain bowl and discharge water above and into a sink basin supported by a mounting deck;

       a mounting member operably coupled to the drain bowl, the mounting member configured to couple the drain bowl to the mounting deck;

       a fluid discharge member including a central body supporting a plurality of nozzles and a trigger, the central body being movable relative to the mounting member;

       a valve member operably coupled to the fluid discharge member and configured to control water flow through the central body to the plurality of nozzles; and

       wherein the drain channel slopes away from the fluid discharge member and the drain bowl to facilitate water drainage into the sink basin.

20.   A fluid delivery device comprising:

       a vessel rinsing apparatus including:

       a drain bowl including a lower wall and an upwardly extending wall, and a drain channel extending through the upwardly extending wall, the drain channel configured to receive water from the drain bowl and discharge water above and into a sink basin supported by a mounting deck;

       a mounting member operably coupled to the drain bowl, the mounting member configured to couple the drain bowl to the mounting deck;

       a fluid discharge member including a central body supporting a plurality of nozzles and a trigger, the central body being movable relative to the mounting member; and

      a valve member operably coupled to the fluid discharge member and configured to control water flow through the central body to the plurality of nozzles; and

      a faucet including:

      a delivery spout having a water outlet;

      a valve fluidly coupled to the delivery spout, the valve configured to control water flow to the water outlet; and

      wherein the fluid discharge member of the vessel rinsing apparatus is in selective fluid communication with the valve of the faucet.

27. Plaintiffs sell glass rinsing products on Amazon.

28. Defendant filed Complaints with Amazon to convince Amazon to remove Plaintiffs' products from the Amazon website.

29. Specifically, Defendant filed an Amazon Patent Evaluation Express Program (APEX) complaint with APEX Complaint ID No: 17069343351. The APEX Complaint ID No: 17069343351 was filed pertaining to products with the following ASINs:

      B094MY4ZZ3; B0C6LG8QV7; B09HRMP5N4; B09GXJJHDT; B094MVL5QS; B0CT2FSRYP; B0C6LG9TCH; B09Y1QSG6Y; B0CT241QP3; B09476BL7T; B0C6LGPJZG; B0C6LKG37P; B09475DRZ6; B0BKZML8D2; B09Y1RG4WN.

30. Additionally, Defendant filed Complaint ID#s against the following ASINs:

| **Complaint ID No:** | **ASINs at Issue:** | **Plaintiff Store** |
|---|---|---|
| 17052710091 | B0CT2FSRYP; B0C6LGPJZG; B09476BL7T; B09Y1QSG6Y; B09HRMP5N4; B094MVL5QS; B0C6LG8QV7; B09GXJJHDT; B0C6LG9TCH; B0CT241QP3; B094MY4ZZ3 | J-HVA |
| 17679885891 | B09Y1TQQTV | J-HVA |
| 17678904851 | B0CY5DFK88; B09ZHQNZBY; B09ZHLL4DL; B09ZHHHZTZ | J-HVA |
| 17935141071 | B0CLHVVQ4G; B0CLHVGMN7 | MM CASA INC |

| 17738185081 | B0CZ7394BY | PAKING |
| --- | --- | --- |
| 17941091671 | B0CKBLGK1J | RULIA |

31. In response to Defendant's complaints, Amazon removed at least ASINs B0CLHVVQ4G; B0CLHVGMN7; B0CZ7394BY & B0CKBLGK1J.

32. All 24 claims of the '277 Patent are invalid in view of at least prior art: U.S. Patent Application Publication No. 2008/0142095 ("Van Der Linden") (Exhibit 3), CN Patent Publication No. 108015069A ("Shen Wei") (Exhibit 4), US Patent No D605,295 S ("Albers") (Exhibit 5) & U.S. Patent Publication US 2011/0061754 A1 ("Thomas") (Exhibit 6).

## COUNT I
## DECLARATORY JUDGMENT OF INVALIDITY
## U.S. Patent No. 11,473,277

33. Plaintiffs incorporate all of the foregoing paragraphs herein.

34. The claims of the '277 patent are invalid for failure to comply with the requirements of patentability as specified in 35 U.S.C. §§ 1 et seq., including, without limitation, 35 U.S.C. §§ 102, 103, and/or 112. In particular, the '277 patent is invalid under 35 U.S.C. §103 because its claims are rendered obvious by prior art.

35. As an example, independent claim 1 is invalid as obvious in view of the Van Der Linden publication (Exhibit 3) in view of CN Publication No. 108015069A ("Shen Wei") (Exhibit 4) and US Patent No D605,295 S ("Albers") (Exhibit 5). The prior art references disclose, or at minimum render obvious, all limitations in claim 1, including " a mounting member extending along a longitudinal axis, the mounting member configured to extend though a mounting aperture formed within a mounting deck" and "drain bowl including a lower wall, an

upwardly extending wall operably coupled to the lower wall, and a drain channel extending through the upwardly extending wall".

36. Another example is that independent claim 11 is invalid as obvious in view of the Van Der Linden publication (Exhibit 3) in view of Shen Wei (Exhibit 4) and Albers (Exhibit 5). The prior art references disclose, or at minimum render obvious, all limitations in claim 11, including "the drain channel slopes away from the fluid discharge member and the drain bowl to facilitate water drainage into the sink basin".

37. By way of example, independent claim 20 is obvious in view of the Van Der Linden publication (Exhibit 3) in view of the U.S. Patent Publication US 2011/0061754 A1 (the "Thomas" publication) (Exhibit 6), the Shen Wei patent (Exhibit 4) and the Albers patent (Exhibit 5). The prior art references disclose, or at minimum render obvious, all limitations in claim 20, including "a faucet including: a delivery spout having a water outlet; a valve fluidly coupled to the delivery spout, the valve configured to control water flow to the water outlet; and wherein the fluid discharge member of the vessel rinsing apparatus is in selective fluid communication with the valve of the faucet".

38. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality between Plaintiff and Defendant to warrant the issuance of a declaratory judgment that the claims of the '277 patent are invalid.

## COUNT II
## DECLARATORY JUDGMENT OF NONINFRINGEMENT
## U.S. Patent No. 11,473,277

39. Plaintiffs incorporate all of the foregoing paragraphs herein.

40. The '277 patent is invalid.

41. An invalid patent cannot be infringed.

9

42. At least because the '277 patent is invalid, regardless of the structure of Plaintiffs' Products, Plaintiffs' Products cannot infringe the '277 patent.

43. Plaintiffs are entitled to permanent injunctive relief at least to preclude Defendant from asserting to any other party that any of the Products at issue infringe the '277 patent, or from otherwise utilizing the '277 patent to induce any party to alter its business relationship with any Plaintiff, including but not limited to refusing to purchase, sell, advertise, import, or offer to sell any of the Products at issue.

44. Plaintiffs are entitled to a declaration that none of the Plaintiffs' Products infringe any claim of the '277 patent.

45. Plaintiff Parties are entitled to an award of all other monetary and equitable relief that is within this Court's power to award.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1) That Judgment be entered against Defendants finding that every claim of U.S. Patent No. 11,473,277 is invalid in view of the prior art.

2) That Judgment be entered against Defendant finding that every claim of U.S. Patent No. 11,473,277 is not infringed by any of Plaintiffs' Products.

3) A finding that this case is exceptional under 35 U.S.C. § 285.

4) Awarding Plaintiffs their cost and reasonable attorneys' fees.

5) Enter an order enjoining Defendant or any other party working in conjunction with Defendant or that has knowledge of the injunction from asserting infringement of U.S. Patent No. 11,473,277 or otherwise using U.S. Patent No. 11,473,277 to interfere with Plaintiffs' businesses.

6) Awarding Plaintiffs any and all other relief that this Court deems just and proper.


Dated: October 8, 2025           */s/Karolina Jozwiak*
                                 Karolina Jozwiak

                                 *One of the Attorneys for Plaintiffs*

Matthew De Preter
Sofia Quezada Hastings
Karolina Jozwiak
ARONBERG GOLDGEHN DAVIS & GARMISA
225 W. Washington St. Suite 2800
Chicago, IL 60606
312-755-3153
cdepreter@agdglaw.com
shastings@agdglaw.com
kjozwiak@agdglaw.com